**FILED**
**Sep 07, 2018**
**09:32 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| David Lipske,<br>        Employee,<br>v.<br>Adam's Wood Flooring, a/k/a Adam's<br>Hardwood Flooring,<br>        Employer. | )   Docket No. 2017-06-0419<br>)<br>)   State File No. 16280-2017<br>)<br>)   Judge Kenneth M. Switzer<br>)<br>) |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

---

This case came before the Court on September 5 on David Lipske's Request for Expedited Hearing. The threshold factual issue is whether Mr. Lipske was an employee of Adam's Hardwood Flooring when he suffered a work injury. For the reasons below, the Court holds that on the present record Mr. Lipske is not likely to prevail at a hearing on the merits in proving that he was an employee of Adam's Hardwood Flooring. Therefore, at this time, he is not entitled to medical and temporary disability benefits.

### History of Claim

Mr. Lipske testified that Mike Shaw hired him to work for "Adam's Wood Flooring," a/k/a Adam's Hardwood Flooring. Adam Shaw represented to the Court that he is the owner of Adam's Hardwood Flooring, a sole proprietorship.[1] Mr. Lipske understood the owner of the business was Mr. Shaw or that possibly Mr. Shaw and Mike were business partners, although Mr. Lipske later testified that Mike said he [Mike] was working with Adam's Wood Flooring. Mr. Lipske believed the Shaws were brothers. Mr. Lipske acknowledged he never met Mr. Shaw in person and did not think they had ever spoken. Mr. Lipske said he completed an employment application bearing the name "Adam's Hardwood Flooring," which he gave to Mike. However, he did not present this document to the Court.

---

[1] Because Adam and Mike Shaw have the same surnames, for clarity, the Court will refer to Adam Shaw as "Mr. Shaw" and Mike Shaw as "Mike" in this order.

1

Mr. Lipske alleged that, after just one day's work, he injured his hand while operating a table saw. He gave immediate notice of the injury to Mike. According to Mr. Lipske, "The conversation I had with Michael—I told him we wasn't going to report this. Just take care of my hospital bills and keep me working. He said, 'No problem.'" However, a few days later, according to Mr. Lipske, Mike sent a text that said, "I hope you find a job so you can pay your bills." Mr. Lipske testified that he was paid in cash for the time he worked, but he did not say who paid him. Adam's Hardwood Flooring never offered a panel, paid for any treatment, or provided temporary disability benefits.

Mr. Lipske filed a Petition for Benefit Determination, which launched an investigation by the Bureau's Compliance Unit, culminating with a written report. The report documented that the investigator spoke with Mr. Shaw, an Ohio resident, who "confirmed employment for Mr. Lipske and that the injury did occur as reported." Mr. Shaw clarified at the hearing that he meant he confirmed Mr. Lipske's employment "with Michael Shaw." Mr. Shaw said he did not know why Mike represented to Mr. Lipske that Mike was working for Adam's Hardwood Flooring.

Mr. Shaw testified that Mike is not his brother but a second cousin. Mike worked for Adam's Hardwood Flooring in Ohio for approximately four years before moving to Tennessee. Mr. Shaw said his second cousin attempted to start his own hardwood flooring business in the new location, forming Wolf Works LLC in 2016 and registering it in the name of "Michael Kirk Shaw" with the Tennessee Secretary of State's Office. Mr. Shaw acknowledged lending equipment to help with the new business.

Mr. Shaw further stated that he had no knowledge of Mike hiring Mr. Lipske. Mr. Shaw acknowledged that, after Mr. Lipske's accident, Mr. Shaw's attorney made a settlement offer to Mr. Lipske's counsel. Mr. Shaw said he did so because Mike was "scared," and "I was helping my cousin out."

Neither party subpoenaed Mike to testify at the hearing.

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Mr. Lipske must present sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015); Tenn. Code Ann. § 50-6-239(d)(1) (2017).

Specifically, Mr. Lipske must show he was Mr. Shaw's employee. The Tennessee Workers' Compensation law defines "employee" as "every person . . . under any contract of hire or apprenticeship, written or implied." Tenn. Code Ann. § 50-6-102(12)(A). "In order for one to be an employee of another for purposes of our Workers' Compensation

2

Law, it is, therefore, required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services in behalf of the former." *Black v. Dance*, 643 S.W.2d 654, 657 (Tenn. 1982). Mr. Lipske, as the employee, has the burden of proof on all essential elements of his workers' compensation claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). This includes the burden of proving that he was employed by Adam's Hardwood Flooring.

Mr. Lipske credibly testified that Mike hired him, representing that Mr. Lipske would be an employee of Adam's Hardwood Flooring. Mr. Lipske stated that he was paid for his work before the injury, but he did not say who paid him. Under *Black,* this is a critical consideration; if Mike paid him, this suggests he was Mike's employee.

Mr. Shaw was also a credible witness. He testified that around the date of alleged injury, Mike was starting his own hardwood flooring business in Tennessee. The filing information for Wolf Works LLC bearing the name Michael Kirk Shaw backs this assertion. Mr. Shaw testified that he had no knowledge of Mike hiring Mr. Lipske before the accident. Further, the Court does not construe the settlement offer by Mr. Shaw's attorney as an admission that he employed Mr. Lipske. These facts are not the only lack of proof.

Notably absent from the hearing was Mike, whose testimony would shed light on what he said when Mr. Lipske was hired. Without it, on the present record, the Court is unable to hold that Mr. Lipske carried his burden of showing he would likely to prevail at a hearing on the merits in proving he was an employee of Adam's Hardwood Flooring on the date of injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Lipske's requested relief is denied at this time.

2. This case is set for a scheduling hearing on **November 5, 2018**, at **2:30 p.m. Central Time**. The parties must call (615) 532-9552 or (toll-free) (866) 943-0025 to participate. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED September 7, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

3

## APPENDIX

Evidence:
1. Mr. Lipske's Declaration
2. Expedited Request for Investigation Report
3. Certified mail receipt: Notice of Hearing delivered to Mr. Shaw
4. Compilation Medical Records
5. Division of Business Services, Department of State, Filing information for Wolf Works LLC
6. Proof of workers' compensation coverage in Ohio

Technical Record:
1. Petition for Benefit Determination, March 6, 2017
2. Petition for Benefit Determination, March 7, 2018
3. Employer position statement (email to Bureau mediator)
4. Dispute Certification Notice
5. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to the following recipients by these methods of service on September 7, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| David Goodman, Employee's attorney | | | X | dgoodman@forthepeople.com; treiley@forthepeople.com |
| Adam Shaw, Self-represented employer | X | | X | 3664 Wilmington Road, Lebanon OH 45036 adam@adamsfloors.com |

*Penny Shrum*

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee


Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries      $ _____ per month     Telephone      $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water      $ _____ per month     Clothing      $ _____ per month

Gas      $ _____ per month     Child Care      $ _____ per month

Transportation    $ _____ per month     Child Support    $ _____ per month

Car      $_____ per month

Other      $ _____ per month (describe: _____)

10. Assets:

Automobile      $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____     (FMV) _____

Other      $ _____     Describe:_____

11. My debts are:

Amount Owed               To Whom

_____      _____

_____      _____

_____      _____

_____      _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____